# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-0317V

| | |
|---|---|
| JULIA A. SNIDER, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: March 20, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Elizabeth Ellis Simek*, Shannon Law Group, Woodridge, IL, for Petitioner.

*Michael Bliley*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON DAMAGES[1]

On February 29, 2024, Julia A. Snider filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as the result of an influenza ("flu") vaccination which she received on October 14, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 10, 2025, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On March 20, 2025, Respondent filed a Proffer on award of compensation ("Proffer"). Respondent represented that Petitioner agrees with

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

the proffered award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached proffer, **Petitioner is awarded a lump sum of $47,500.00 (for pain and suffering) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** Proffer at 2. This amount represents compensation for all damages that would be available under Section 15(a). *Id.*

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JULIA A. SNIDER,<br><br>　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　Respondent. | No. 24-0317V<br>Chief Special Master Corcoran<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On February 29, 2024, Julia Snider ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), following administration of an influenza ("flu") vaccine she received on October 14, 2022.  Petition at 1.  On February 10, 2025, the Secretary of Health and Human Services ("Respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act, and that same day, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 19; ECF No. 20.

**I.    Item of Compensation**

Respondent proffers that petitioner should be awarded $47,500.00 in pain and suffering.  This amount reflects that any award for projected pain and suffering has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

## II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$47,500.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.[1] This lump sum payment represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

                    Respectfully submitted,

                    YAAKOV M. ROTH
                    Acting Assistant Attorney General

                    C. SALVATORE D'ALESSIO
                    Director
                    Torts Branch, Civil Division

                    HEATHER L. PEARLMAN
                    Deputy Director
                    Torts Branch, Civil Division

                    TRACI R. PATTON
                    Assistant Director
                    Torts Branch, Civil Division

                    */s/ Michael S. Bliley*
                    MICHAEL S. BLILEY
                    Trial Attorney
                    Torts Branch, Civil Division
                    U.S. Department of Justice
                    P.O. Box 146, Ben Franklin Station
                    Washington, DC 20044-0146
                    Tel: (202) 616-4357
                    Michael.Bliley@usdoj.gov

Date: March 20, 2025

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.